United States District Court
Southern District of Texas
**ENTERED**
July 31, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JESSICA RAMIREZ, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. B-19-14 |
| § | |
| UNITED STATES OF AMERICA, et al., § | |
|     Defendants. § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 7, 2019, Plaintiff Jessica Ramirez, as representative of S.R. – her minor daughter – ("Plaintiff") filed a civil complaint against the United States ("the Government"), Agent Manuel Antonio Fuentes ("Fuentes"), and U.S. Customs and Border Protection ("CBP"). Dkt. No. 1. The complaint pertains to an automobile accident involving Fuentes, Ramirez, and her minor daughter. Ramirez has already reached a private settlement of her claim; this case solely concerns her daughter's claim. Plaintiff seeks relief pursuant to the Federal Tort Claim Act ("FTCA"). 28 U.S.C. § 2671.

On May 3, 2019, the Government filed a motion to dismiss the complaint, pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. No. 5. More specifically, the Government seeks dismissal of the claims against Fuentes and CBP pursuant to Rule 12(b)(1) and dismissal of the claims against the Government pursuant to Rule 12(b)(6). Plaintiff filed a response, and the Government filed a reply. Dkt. Nos. 9-1, 10. The motion has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B).

After reviewing the record and relevant case law, it is recommended that the Government's motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) be granted. The Plaintiff's claims against CBP and Fuentes should be dismissed without prejudice, for lack of jurisdiction. The Court should also dismiss the claim against the Government with prejudice, because the suit is untimely and equitable tolling is not otherwise appropriate.

**I. Background**

    **A. Factual Background**

On January 26, 2016, Fuentes was driving his border patrol vehicle in the 6400 block of US Highway 281 in Brownsville, Cameron County, Texas. Dkt. No. 5-1, p. 4. At approximately 9:04 a.m, Ramirez, and her minor daughter – as a passenger – were driving behind Fuentes's vehicle. Dkt. No. 5-1, p.4. Fuentes attempted to perform a sudden U-turn, bringing his vehicle to a stop in the process. Id. He failed to use his turn signals while attempting the U-turn. Id. Ramirez veered her vehicle to the right to avoid a collision with Fuentes' vehicle. Id. She was unable to avoid the collision and she struck Fuentes' vehicle. Id. Both Ramirez and her daughter suffered bodily injuries as a result of the collision. Id. at p. 1.

On May 12, 2017, Ramirez filed administrative claims under the FTCA against CBP for her and her daughter's injuries in the January 2016 accident. Dkt. 5-1. Ramirez hand delivered the claims via letter to CBP's office in Edinburg, Texas. Dkt. No. 9-1, p. 7 - 10. On May 15, 2017, Colin W. Maguire, an attorney with the Edinburg Office of the United States Customs and Border Protection, replied to Ramirez via letter, acknowledging the filing of her claim. Id. at p. 11 - 13.

On June 15, 2017, Ramirez delivered a second letter to CBP and included two copies of Form 95, "Claim for Damage, Injury, or Death." Dkt. No. 9-1, p. 14 - 19. One copy was for Ramirez's claim against CBP; the second copy was for Ramirez's minor daughter's claim against CBP. Id. Settlement negotiations ensued between the Government and Ramirez Id. at 2.

After negotiating for several months, settlements were reached regarding Ramirez's and her minor daughter's claims. Dkt. 9-1, p. 2. According to the agreement, Ramirez would receive a $50,000 settlement. Id. Her minor daughter, S.R., would receive $10,000. Id. In exchange, Ramirez and her daughter would release the Government from any liability. Id. Ramirez signed a release and received a check in the amount of $50,000. Id. However,

because S.R. was a minor, the Government informed Plaintiff's counsel that the federal government would only be able to achieve a settlement through a "friendly lawsuit" Id. at p. 3.

In December 2017, Plaintiff's counsel informed Maguire that more than six months had passed since the filing of the daughter's claim with CBP, and that CBP had not yet denied the daughter's claim. Dkt. No. 9-1, p. 3. Plaintiff's counsel informed Maguire that CBP needed to deny the minor daughter's claims in order to file the "friendly lawsuit." Id. Plaintiff's counsel then asked Maguire about the statute of limitations regarding the claim. Id.

Maguire responded that CBP had a duty to dispose of the claim within six months of receiving the claim, and failure to do so meant that lawsuit could be filed at any time thereafter. Dkt. No. 9-1, p. 3. Maguire further explained that the normal statutory requirements – that the lawsuit be filed within six months after the claim was denied – no longer applied because of CBP's failure to dispose of the claims within six months. Id. Maguire then informed Plaintiff's counsel of the ruling in McAllister v. U.S., 925 F.2d 841, 842 (5th Cir. 1991). According to the Court's decision in McAllister, when CBP failed to dispose her claim within six months, the claim was deemed denied and, because of the deemed denial, Plaintiff was allowed to file suit "any time thereafter." Id.

On April 27, 2018, – eleven months after filing the minor daughter's claim with CBP and before any law suit under the FTCA had been filed – Ramirez received a letter from CBP denying the minor daughter's claim. Dkt. 9-1, p. 24-5. The letter was dated April 23, 2018. Id.

**B. Procedural History**

On February 7, 2019, Ramirez, as representative of her minor daughter, filed suit in this Court against the Government, CBP, and Fuentes. Dkt. No. 1. Plaintiff raised a claim of negligence pursuant to the FTCA. Id.

On May 2, 2019, Ryan K. Patrick, as United States Attorney for the Southern District

of Texas and pursuant to 28 U.S.C. § 2679, certified that Fuentes was acting within the scope of his federal employment at the time of the collision that gave rise to the present case. Dkt. No. 5-4.

On May 3, 2019, the Government moved for dismissal for all claims alleged in Plaintiff's complaint. Dkt. No. 5. The Government argued that dismissal was appropriate for two reasons, which the Court restates as follows: (1) the claims against CBP and Fuentes must be dismissed because federal agencies and employees are immune from FTCA claims; and (2) the FTCA's statute of limitations bars the lawsuit against the Government. Id. at p. 4-6.

On June 14, 2019, the Court issued a show cause order for the Plaintiff to file, no later than June 24, 2019, a response to the motion to dismiss. Dkt. No. 8.

On June 24, 2019, Plaintiff filed a response brief. Dkt. No. 9-1. In that response, the Plaintiff's did not address the Government's argument that the Court lacks jurisdiction over the claims against CBP and Fuentes. Id.[1]

As to the Government's argument that the FTCA's statute of limitations bars this lawsuit, the Plaintiff argues that 28 U.S.C. § 2675 establishes that "if the government fails to make a final disposition of a claim within six months after it is filed, the claimant <u>at any time thereafter</u>, may deem the claim denied and file suit against the government." Dkt. 9-1, p. 4 (emphasis in the original). Despite the fact CBP administratively denied her claim, Plaintiff argues that the six-month statute of limitations to file suit in district court no longer applies to her claim because CBP did not dispose of her claim within six months of receiving it. Id. Plaintiff argues that the CBP's failure to dispose of S.R.'s claim within six months of it being filed with the agency, provided the Plaintiff with an "unlimited timeframe to file a

---

[1] Typically, if a party fails to respond to a motion, it is considered unopposed. Local Rule 7.4. The Court, however, may not simply grant a motion to dismiss as unopposed; it must consider the merits of the motion. Webb v. Morella, 457 F. App'x 448, 452 (5th Cir. 2012) (citing John v. State of La. (Bd. of Trustees for State Colleges & Universities), 757 F.2d 698, 709 (5th Cir. 1985)).

4

lawsuit against the U.S." Id. at p. 5.

On June 25, 2019, the Government filed a reply brief. Dkt. No. 10. In its reply, the Government reiterated that the Plaintiff's tort claim should be dismissed because the suit was not filed within six months of CBP's administrative denial of the claim. Id. at p. 2.

## II. Applicable Law

### A. Jurisdiction and Dismissal under 12(b)(1)

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over each claim. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012). It is plaintiff's burden to prove jurisdiction. Id.

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). In deciding a motion to dismiss, the Court must "accept as true any well-pleaded factual allegations," but does not accept the truth of "legal conclusions" or "naked assertion[s] devoid of further factual enhancement." Masel v. Villarreal, 924 F.3d 734, 743 (5th Cir. 2019), as revised (June 6, 2019) (internal quotation marks omitted; brackets original).

A defendant may file a Rule 12(b)(1) motion to challenge the Court's subject matter jurisdiction to hear a case. Ramming, 281 F.3d at 161. Once a defendant objects to subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction to hear the case. Id. When a defendant files a Rule 12(b)(1) motion in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) motion before addressing any other attacks on the merits. Ramming, 281 F.3d at 161.

**B. Dismissal under Rule 12(b)(6)**

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' " Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Unless the Court specifically holds otherwise, dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**C. Westfall Act**

A plaintiff may not sue a federal employee for "injury or loss of property … arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office[.]" 28 U.S.C. § 2679(b)(1). "When a federal employee is sued for wrongful or negligent conduct, [28 U.S.C. § 2679] empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Osborn v. Haley,

549 U.S. 225, 230 (2007) (internal quotation marks omitted).[2]

"Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." Osborn, 539 U.S. at 230. The Federal Tort Claims Act thereafter governs the litigation. Id. The plaintiff bears the burden of proving that the federal employee was acting outside the scope of his duties. Rankin v. U.S., 556 Fed. App'x. 305, 308 (5th Cir. 2014).

### D. Federal Tort Claims Act

The FTCA is a limited waiver of sovereign immunity, which permits the United States to be sued for "injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Statutes waiving the sovereign immunity of the United States are to be "construed strictly in favor of the sovereign." Jeanmarie v. U.S., 242 F.3d 600, 604-05 (5th Cir. 2001) (citing McMahon v. U.S., 342 U.S. 25 (1951) ).

The United States is the only proper defendant in a FTCA claim; a plaintiff may not sue federal agencies under the FTCA. Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988). In order to sue the United States for a FTCA claim, a plaintiff must present, in writing, a claim to the appropriate federal agency no more than two years after the event giving rise to the claim occurred. 28 U.S.C. § 2401(b). The Court lacks subject matter jurisdiction over FTCA claims that a plaintiff has not first presented to the appropriate federal agency. 28 U.S.C. § 2675(a).

A plaintiff has six months, after the federal agency sends its final denial of the claim, to file suit in district court. 28 U.S.C. § 2401(b). If the federal agency fails to make a final disposition of a claim within six months of receiving the claim, the plaintiff has the option "any time thereafter" to deem the failure as a final denial. 28 U.S.C. § 2675(a).

---

[2] The United States Attorney for the district where the plaintiff files their law suit is delegated the authority to make the scope-of-employment certification. 28 C.F.R. § 15.4(a).

The FTCA six-month limitations period is a non-jurisdictional, claim processing rule subject to equitable tolling. U.S. v. Kwai Fun Wong, 135 S. Ct. 1625, 1633 (2015). This is because the statutory text of the FTCA speaks only to the timeliness of claims and not to the powers or jurisdiction of courts to hear untimely tort claims. Id. The statutory text also goes further than most statutes in waiving sovereign immunity, such that it allows courts to hear late claims. Id. at 1638.

### E. Equitable Tolling

Federal courts typically grant equitable tolling when (1) the plaintiff has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from timely filing his suit. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Generally, federal courts grant equitable tolling only sparingly. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling does not extend to a garden variety of excusable negligence. Id., at 96. Courts are generally less willing to grant equitable tolling when the plaintiff failed to exercise due diligence in preserving his legal rights. Id. Finally, Courts will not apply equitable tolling to forgive an attorney's negligence or inadvertence. Harris v. Boyd Tunica, Inc., 628 F.3d 237, 240 (5th Cir. 2010).

## III. Analysis

In her complaint, Plaintiff raised a negligence claim under the FTCA against the Government, CBP, and Fuentes, based upon Fuentes' failure to "exercise ordinary care and operate [his] vehicle reasonably and responsibly." Dkt. No. 1, p. 2. The Court will consider: (1) whether the Court has jurisdiction over claims made against Fuentes and CBP; and (2) whether the claim against the Government has been timely filed.

### A. Jurisdiction

The Government raised a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as to the claims against CBP and Fuentes. Dkt. No. 5. Since the Government raised a 12(b)(1) motion challenging the Court's jurisdiction to hear the case, this Court must consider the motion before addressing any other attacks on the merits. Ramming, 281 F.3d at 161.

Stated simply, Plaintiff cannot proceed against CBP, because a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies. See Galvin, 860 F.2d at 183. ("It is beyond dispute that the United States, and not the responsible agency … is the property party defendant in a [FTCA] suit.")

Furthermore, Plaintiff also cannot proceed against Fuentes, because the United States Attorney for the relevant district has certified that Fuentes was acting within the scope of his employment when the collision occurred. "When a federal employee is sued for wrongful or negligent conduct, [28 U.S.C. § 2679] empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Osborn, 549 U.S. at 230 (internal quotation marks omitted). Such a certification has been made. Dkt. No. 5-4. After that certification, the United States stands in the place of the employee as defendant in the suit. Osborn, 549 U.S. 225 at 230.

In this case, the United States Attorney for the Southern District of Texas has certified that Fuentes was acting in the scope of his office at the time of the automobile collision. As a result, Fuentes must be dismissed from the present suit. See Osborn, 549 U.S. 225 at 230. ("Upon … certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.").

Plaintiff has not disputed the propriety of dismissing her claims against CBP and Fuentes. In neither her original petition, nor in her response to the Government's motion to dismiss, does Plaintiff offer facts to disprove that Fuentes was acting within the scope of his office at the time of the automobile accident. Accordingly, the Court should grant the Government's 12(b)(1) motion and dismiss the claims against Fuentes and CBP without prejudice. This leaves the Government as the sole defendant. That conclusion, however, does not end the inquiry.

### B. Timeliness

The Court must now turn to the question of whether Ramirez's claim against the Government was timely filed. On May 12, 2017, Plaintiff brought her written FTCA claim

to CBP, which was less than two years after the accident out of which the claim arose. Dkt. No. 9-1, p. 8 - 10. CBP failed to make a final, administrative decision on the claim within six months of receiving it. Id, p. 3. Because of this failure, Plaintiff's claim was deemed denied and suit could be filed in the district court at "any time thereafter." 28 U.S.C. § 2675(a). Notwithstanding this possibility, Plaintiff had not filed a federal law suit when, in April 2018, Plaintiff's FTCA claim was actually denied by the agency and Plaintiff was notified of the denial. Dkt. No. 9-1, pp. 24-25. It was not until February 7, 2019 – nearly 10 months after the actual denial – that Plaintiff filed suit. Dkt. No. 1.

Under the FTCA, a tort claim is "forever barred," unless a plaintiff files suit in district court within six months after the federal agency renders an actual final denial of the claim ("actual denial"). 28 U.S.C. § 2401(b). On the other hand, 28 U.S.C. § 2675(a), provides that if the federal agency fails to make a final decision on a claim – within six months of receiving the claim – the plaintiff has the option "any time thereafter" to deem the claim as constructively denied ("deemed denial"). With the deemed denied claim, a plaintiff may immediately file suit in a district court and the only statute of limitations would be the general six year statute of limitations that applies to claims made against the Government when there is no specific applicable statute of limitations. 28 U.S.C. § 2401(a).

The unresolved question is when a claim has been deemed denied, but no lawsuit has been filed, what is the legal significance of a subsequent actual denial? The Government argues that the actual denial of the claim, irrespective of the existence of a deemed denial, automatically triggers the six month requirement of § 2401(b). Plaintiff argues that once the agency takes more than six months to decide the claim, then the claimant may file lawsuit "at any time thereafter," regardless of whether there is a subsequent actual denial.

The statutes and Fifth Circuit decisions have not squarely address the situation presented in this case. Other Circuit and District Courts have concluded that, even if an agency does not administratively decide a claim within six months, the six-month statute of limitations reactivates once the agency issues its final denial. See Schuler v. U.S., 628 F.2d

10

199, 201 (D.C. Cir. 1980) ("Though the section is not happily drafted, common sense and the legislative history tell us that it requires the claimant both to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim."); Willis v. U.S., 719 F.2d 608, 613 (2d Cir. 1983); Mizrach v. U.S., 2012 WL 2861367, at *3 (D. Md. July 10, 2012), ("[28 U.S.C.] § 2401(b)'s six-month statute of limitations is tolled only until the agency issues a final denial") aff'd 539 F.3d 284 (4th Cir. 2013); Ellison v. U.S., 531 F.3d 359, 363 (6th Cir. 2008) ("[The] option to 'deem' a claim constructively denied evaporates once the agency actually denies the claim"); Arigo v. U.S., 980 F.2d 1159,1161 (8th Cir. 1992) (Despite the passage of the deemed denial threshold, "the agency can still consider the claim and trigger § 2401(b)'s six-month limitations period by denying the claim."). The Court has found no decision adopting Plaintiff's reading of the statute.

While the cases from other districts and other circuits are not binding on this Court, their reasoning is persuasive. If the Court were to accept Plaintiff's reading, it would lead to the conclusion that, if an agency takes more than six months to decide an administrative claim, then the agency loses the authority to decide that claim. This reading runs contrary to the purpose of the administrative process, which is to encourage the settlement of meritorious claims before resorting to litigation. "The purpose of the FTCA's administrative-presentment requirement is to allow the federal agency promptly to investigate and, if appropriate, settle claims without having to resort to federal courts." Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp., 764 F.3d 445, 449 (5th Cir. 2014). In order to effectuate that purpose, the agency must retain the authority to issue decisions on deemed denied claims, especially in the absence of an intervening lawsuit.

The most natural reading of the statute is that once an agency actually denies a FTCA claim, the plaintiff has six months to file suit, regardless of whether the claim has been previously deemed denied. See D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist., 806 F.3d 310, 317 (5th Cir. 2015) (applying the "most natural reading" of the statute in question).

At the same time, if the agency waits longer than six months to decide the claim, then the plaintiff can consider the claim to be deemed denied and file suit.

If the agency subsequently issues an actual denial of that deemed denied claim, but a lawsuit had not been filed at that time, the plaintiff then has six months to file a lawsuit. To put it another way, once the agency takes longer than six months to administratively decide the claim, the doors to the courthouse are open, but once the claim is actually denied, the courthouse door will close six months later. See Ellison, 531 F.3d at 363 ("federal tort claimants may initiate suit in federal court at any point after six-month agency inaction with the proviso that they must file within six months of agency denial") (emphasis original); Anderson v. U.S., 803 F.2d 1520, 1522 (9th Cir.1986) (once the agency has not resolved an administrative claim within six months, "the claimant may either deem it denied and file suit in district court at any time prior to final agency action or the claimant may await final agency action and file suit within six months thereafter.").

In this case, CBP's administrative denial of S.R.'s claim activated the claim's six-month statute of limitations, thereby requiring Plaintiff to file suit in district court within six months. Dkt. No. 9-1, p. 25. Plaintiff, however, did not file her suit within six months. Instead, she filed suit on February 7, 2019, roughly nine-and-a-half months after she received CBP's administrative denial. Thus, the Plaintiff's claim is time-barred under 28 U.S.C. § 2401(b).

### C. Equitable Tolling

The Supreme Court has concluded that the FTCA's statutory filing deadlines are claim processing rules; in other words, "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." U.S. v. Kwai Fun Wong, – U.S. –, 135 S. Ct. 1625, 1638 (2015).

As noted earlier, Courts find equitable tolling in instances where: (1) claimant has been pursuing his rights diligently; and, (2) some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418 (citing Irwin, 498 U.S. at 96.). Moreover, as stated before, federal courts apply equitable tolling sparingly. Irwin, 498 U.S. at 96. Finally, equitable

tolling does not extend to negligence caused by a party's attorney; a party is bound by the acts of their lawyer. Harris v. Boyd Tunica, Inc., 628 F.3d 237, 240 (5th Cir. 2010).

The record shows that Plaintiff diligently pursued her rights between the time of the automobile collision and the telephone conversation that took place between Plaintiff's counsel and Maguire in December 2017. She timely filed a claim with CBP within two years of the collision and notified CBP, through Maguire, that more than six months had passed since she filed her claim. Dkt. No. 9-1, p. 3, 25. Once Maguire informed Plaintiff's counsel of the holding of McAllister v. U.S., however, the record shows no indication that Plaintiff continued to pursue her rights. Plaintiff took no action upon her FTCA claim in the months that followed her telephone conversation with Maguire; nor did she take any action to preserve her rights in the nine-and-a-half months following the CBP's administrative denial of her claim.

Further, no extraordinary circumstance hindered Plaintiff or her attorney from filing a timely suit. The record shows no evidence of inducement or trickery on part of the defendants to allow the filing deadline to pass. See Irwin, 498 U.S. at 96. ("Federal courts have typically extended equitable tolling in situations where … the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.") (emphasis added). More specifically, Maguire did not induce or trick Plaintiff's counsel when he informed her that she was free to file her friendly lawsuit "at any time" after CBP failed to dispose of the case within six months, as per the ruling in McAllister v. U.S. Dkt. No. 9-1, p. 3.

Maguire's advice might have been incomplete. Indeed, it did not inform Plaintiff's counsel of the possibility that the claim's six-month statute of limitations could be activated, once CBP administratively denied her claim. This omission, however, does not amount to an extraordinary circumstance.

As an initial matter, the Supreme Court has been very hesitant to grant equitable relief – either equitable tolling or equitable estoppel – based upon incorrect information provided

13

by government employees. See Schweiker v. Hansen, 450 U.S. 785, 786 (1981) (equitable estoppel was not appropriate in Social Security benefits case where claimant did not timely file based on incorrect advice from SSA representative); Heckler v. Cmty. Health Servs. of Crawford Cty., Inc., 467 U.S. 51, 60 (1984) ("When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant.").

Admittedly, Fifth Circuit case law is unclear as to whether a claim's six-month statute of limitations to file suit in district court is revived when the agency took more than six months to reach an administrative decision. A mistake of law regarding limitations is not, however, an extraordinary circumstance, even where applicable law is unclear or uncertain. Wion v. Quarterman, 567 F.3d 146, 149 (5th Cir. 2009). Plaintiff should have "[erred] on the side of caution and [filed suit] within the most conservative of possible deadlines." Id. (citing Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002)).

Moreover, equitable tolling does not extend to an attorney's error or neglect in ensuring the timeliness of their client's suit. U.S. v. Riggs, 314 F.3d 796, 800 (5th Cir. 2002). Accordingly, no extraordinary circumstance are present that would excuse the untimeliness of the Plaintiff's claim. Harris, 628 F.3d at 240. Thus, equitable tolling is not justified for the Plaintiff's FTCA claim against the Government.

Because the Plaintiff's claim against the Government is untimely, and should not be granted equitable tolling, the Court should grant the Government's 12(b)(6) motion and dismiss Plaintiff's claim with prejudice.

### IV. Recommendation

Thus, the motion to dismiss filed by Mario Antonio Fuentes, U.S. Customs and Border Protection, and the United States of America should be granted. Dkt. No. 5.

It is recommended that any claims made against Fuentes and CBP be dismissed without prejudice for lack of jurisdiction.

It is further recommended that any claims made against the United States of America be dismissed with prejudice as untimely filed.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on July 31, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge